UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PASSINEAU,<br><br>        Plaintiff,<br><br>    v.<br><br>W. OXBORROW, et al.,<br><br>        Defendants. | 1:12-cv-01894-LJO-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 18) |

On January 16, 2014, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. While plaintiff maintains that he does not comprehend all of the rules of courts, a review of the record in this case shows that plaintiff is responsive, adequately communicates, and is able to articulate his claims. The legal issues in this case – whether defendants failed to protect plaintiff and used excessive force – are not complex, and this court is faced with similar cases almost daily. Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 23, 2014**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE