UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PASSINEAU,<br><br>           Plaintiff,<br><br>      vs.<br><br>W. OXBORROW, et al.,<br><br>           Defendants. | 1:12-cv-01894-LJO-GSA-PC<br><br>ORDER REQUIRING DEFENDANTS RODRIGUEZ, OXBORROW, AND CANTU TO FILE RESPONSES TO THE MARSHAL'S REQUESTS FOR REIMBURSEMENT OF COSTS OF SERVICE<br>(Docs. 25, 26, 27.)<br><br>TWENTY DAY DEADLINE<br><br>ORDER FOR CLERK TO SERVE A COPY OF THIS ORDER ON THE MARSHALS SERVICE |

**I.     BACKGROUND**

Brett Passineau ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The case now proceeds on the original Complaint filed by Plaintiff on November 19, 2012, against defendants Correctional Officer (C/O) E. Cantu, C/O R. Rodriguez, and Sergeant (Sgt.) W. Oxborrow for use of excessive force, and against defendant C/O E. Cantu for failure to protect, in violation of the Eighth Amendment.[1]  (Doc. 1.)

---

[1] On November 21, 2013, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983.  (Doc. 15.)

1

On October 17, 2013, the Court entered an order directing the United States Marshal ("Marshal") to serve process upon the defendants in this action. (Doc. 14.) On December 24, 2013, defendants Rodriguez, Oxborrow, and Cantu ("Defendants") filed an Answer to the Complaint. (Doc. 16.) On February 7, 2014, the Marshal filed returns of service executed as to Defendants. (Docs. 22, 23, 24.)

On February 7, 2014, the Marshal filed requests for court orders requiring each of the Defendants to reimburse the costs incurred by the Marshal for personal service ("Marshal's Request"), pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Docs. 25, 26, 27.) None of the Defendants have filed an opposition.

## II. DISCUSSION

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). The Court's order of October 17, 2013, which was served upon each of the Defendants at the time they were served with the Complaint, provides that "[t]he filing of an answer or a responsive pleading does not relieve defendants of [the] requirement [to return signed waivers to the Marshals Service], and the failure to return the signed waivers may subject defendants to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2)." (Doc. 14 ¶5.)

The Marshal has requested the court to impose costs on each of the Defendants for their failure to avoid unnecessary costs. The Marshal's USM-285 forms filed on February 7, 2014 indicate that waiver of service forms were mailed to defendants Rodriguez, Oxborrow, and Cantu on October 28, 2013, and no signed waivers were returned. (Docs. 22, 23, 24.) Personal service was executed upon Defendants on January 13, 2014, with costs of $84.79 for each of the three Defendants. Id.

Given that the Marshal's Requests were submitted in the form of memorandums and may not have been recognized as requests for the court to impose costs, Defendants shall be granted an opportunity at this time to file responses to the Marshal's Requests.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within **twenty days** from the date of service of this order, defendants Rodriguez, Oxborrow, and Cantu shall file written responses to the Marshal's Requests of February 7, 2014;

2. Failure to comply with this order by any of the Defendants shall result in an order requiring the noncompliant Defendant(s) to reimburse the Marshal for costs of personal service; and

3. The Clerk is DIRECTED to serve a copy of this order on the Marshals Service in Sacramento.

IT IS SO ORDERED.

Dated:   **March 10, 2014**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE