# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PASSINEAU,<br><br>          Plaintiff,<br><br>     vs.<br><br>W. OXBORROW, et al.,<br><br>          Defendants. | 1:12-cv-01894-LJO-GSA-PC<br><br>ORDER GRANTING IN PART REQUESTS BY UNITED STATES MARSHAL FOR REIMBURSEMENT OF COSTS OF SERVICE UPON DEFENDANTS OXBORROW, CANTU, AND RODRIGUEZ<br>(Docs. 25, 26, 27.)<br><br>THIRTY-DAY DEADLINE FOR DEFENDANTS OXBORROW, CANTU, AND RODRIGUEZ TO REMIT PAYMENT TO MARSHAL |

## I.     BACKGROUND

Brett Passineau ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The case now proceeds on the original Complaint filed by Plaintiff on November 19, 2012, against defendants Correctional Officer (C/O) E. Cantu, C/O R. Rodriguez, and Sergeant (Sgt.) W. Oxborrow for use of excessive force, and against defendant C/O E. Cantu for failure to protect, in violation of the Eighth Amendment.[1]  (Doc. 1.)

---

[1] On November 21, 2013, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983.  (Doc. 15.)

On October 17, 2013, the Court entered an order directing the United States Marshal ("Marshal") to serve process upon the defendants in this action. (Doc. 14.) On December 24, 2013, defendants Rodriguez, Oxborrow, and Cantu ("Defendants") filed an Answer to the Complaint. (Doc. 16.) On February 7, 2014, the Marshal filed returns of service executed as to Defendants. (Docs. 22, 23, 24.)

On February 7, 2014, the Marshal filed requests for reimbursement of the costs incurred by the Marshal for personal service ("Marshal's Request") upon the three Defendants, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Docs. 25, 26, 27.) On March 21, 2014, Defendants filed a response to the Marshal's requests. (Doc. 33.)

**II.      RULE 4(d)(2) – REIMBURSEMENT OF COSTS**

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A)    the expenses later incurred in making service; and
>
> (B)    the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). The Court's order of October 17, 2013, which was served upon each of the Defendants at the time they were served with the Complaint, provides that "[t]he filing of an answer or a responsive pleading does not relieve defendants of [the] requirement [to return signed waivers to the Marshals Service], and the failure to return the signed waivers may subject defendants to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2)." (Doc. 14 ¶5.)

**A.      Marshal's Requests**

The Marshal requests the court to impose costs on Defendants Oxborrow, Cantu, and Rodriguez for their failure to avoid unnecessary costs. On February 7, 2014, the Marshal filed three USM-285 forms indicating that Waivers of Service forms were mailed to Defendants Oxborrow, Cantu, and Rodriguez on October 28, 2013, and on January 13, 2014 the case was assigned for personal service. (Docs. 22, 23, 24.) Personal service was executed upon

Defendants on January 23, 2014, with costs of $84.79 for service upon <u>each</u> of the three Defendants. <u>Id.</u>

**B.     Defendants' Response**

Defendants request to be relieved of the requirement to reimburse the Marshal because their failure to return the waivers of service was a regretful oversight on the part of Defendants' counsel ("Counsel"). Counsel declares that he joined the San Francisco Attorney General's Office on November 4, 2013, and this case was assigned to him on December 4, 2013. (Declaration of James Jirn, Doc. 33-1 at 2 ¶2.) This case was the first Eastern District inmate lawsuit assigned to Counsel, and he mistakenly believed that because Defendants filed an Answer to the complaint before the time the waivers of service had to be returned to the Marshals Office, Defendants were not required to return the waivers. (<u>Id.</u>) Counsel declares that he inadvertently overlooked paragraph 5 of the court's October 17, 2013 order. (<u>Id.</u>) Counsel also declares that he did not return the waivers of service under the mistaken belief that, by answering the complaint, there was no need for personal service. (<u>Id.</u>) Counsel informs the court that the Attorney General's Office has carefully reviewed this matter and more generally service of process in Eastern District cases and has taken steps to avoid this situation in the future. (<u>Id.</u> ¶3.)

**Discussion**

Counsel has not shown good cause for Defendants to entirely avoid costs of service. Counsel's inadvertence, mistaken beliefs, and failure to read the court's order caused the Marshal to spend three hours traveling 106 miles round trip to personally serve three Defendants, unnecessarily. Defendants shall be required to reimburse the Marshal for costs of service.

However, the court finds no bad faith on Counsel's part, and in light of the fact that the Marshal was able to serve all three Defendants at the same address at the same time, rather than traveling three hours and 106 miles round trip for <u>each</u> Defendant, the court shall mitigate the costs. Instead of reimbursing the Marshal for costs of $84.79, each Defendant shall be liable for costs of $50.00. Thus, <u>each</u> of the Defendants -- Oxborrow, Cantu, and Rodriguez – shall

be required to remit payment to the Marshal in the amount of $50.00, for a total of $150.00, within thirty days of the date of service of this order.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Marshal's requests for reimbursement of costs of personal service upon defendants Oxborrow, Cantu, and Rodriguez, filed on February 7, 2014, is GRANTED in part; and

2. Within thirty days of the date of service of this order, each of the three Defendants -- Oxborrow, Cantu, and Rodriguez – is required to remit payment to the Marshal in the amount of $50.00, for a total of $150.00, clearly marked with reference to **Defendants Oxborrow, Cantu, and Rodriguez** and case number **1:12-cv-01894-LJO-GSA-PC**, to:

    United States Marshals Service
    Attn: Daniel Bietz
    501 I Street, Fifth Floor, Ste. 5600
    Sacramento, California 95814

3. The Clerk of Court shall serve a copy of this order on the Marshals Service in Sacramento, c/o Daniel Bietz.

IT IS SO ORDERED.

Dated:   **March 24, 2014**                              **/s/ Gary S. Austin**
                                                                               UNITED STATES MAGISTRATE JUDGE