UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PASSINEAU,<br><br>          Plaintiff,<br><br>     vs.<br><br>W. OXBORROW, et al.,<br><br>          Defendants. | 1:12-cv-01894-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY<br>(Doc. 55.)<br><br>DEADLINE: <u>NOVEMBER 24, 2014</u> |

## I.      BACKGROUND

Brett Passineau ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's initial Complaint, filed on November 19, 2012, against defendants Correctional Officer (C/O) E. Cantu, C/O R. Rodriguez, and Sergeant W. Oxborrow (collectively, "Defendants") for use of excessive physical force, and against defendant C/O E. Cantu for failure to protect Plaintiff.[1] (Doc. 1.)

On May 12, 2014, Defendants filed a motion for summary judgment, on the ground that Plaintiff failed to exhaust administrative remedies.  (Doc. 39.)  On August 25, 2014, Plaintiff filed an opposition to the motion. (Doc. 45.)  On September 10, 2014, Defendants filed a reply to the opposition.  (Doc. 50.)

---

[1] On November 21, 2013, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 15.)

On September 29, 2014, Plaintiff filed a motion for leave to file a reply to Defendants' reply of September 10, 2014. (Doc 55.)

**II.     SURREPLY**

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Local Rule 230(*l*). Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff has requested leave to file a surreply, in response to Defendants' reply to Plaintiff's opposition to the motion for summary judgment. Plaintiff seeks to submit evidence to refute Defendants' evidence that Plaintiff received a copy of the inmate grievance rules before he arrived at Pleasant Valley State Prison (PVSP). Plaintiff also seeks to oppose Defendants' argument that Plaintiff's opposition was untimely.

**Discussion**

Defendants raised a new argument, that Plaintiff's opposition was untimely, in their reply to Plaintiff's opposition. Defendants also submitted new evidence in their reply, to show that Plaintiff received a copy of the inmate grievance rules when he was housed at NKSP in 2010.[2] Defendants have indicated that they have no objection to Plaintiff filing a surreply, to the extent any new evidence was raised in their reply.[3] Therefore, in light of the new argument and evidence, and Defendants' non-opposition, the court finds good cause to allow Plaintiff to file a surreply.

///

---

[2] Defendants submitted a copy of Plaintiff's signed acknowledgement of receipt of a copy of Title 15 at NKSP, dated December 17, 2010. (Exh. A to Doc. 50.)

[3] Defendants stated in their reply that "[n]ew counsel for Defendants has recently been assigned to this case. Accordingly, to the extent any new evidence is raised in this reply that was not provided in the moving papers, Defendants have no objection to Plaintiff filing a sur-reply should the Court so order." (Doc. 50 at 6 fn.2.)

## III.  CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a surreply is GRANTED; and
2. Plaintiff is granted until November 24, 2014 in which to file a surreply, in reply to Defendants' reply of September 10, 2014.

IT IS SO ORDERED.

Dated:   **October 1, 2014**                         /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE